(91 South. 498)
HANNERS v. STATE. (7 Div. 716.)

(Court of Appeals of Alabama. June 21, 1921. Rehearing Denied July 19, 1921.)

1. Criminal law ⬤➾413(1)—Testimony that defendant had witness notify sheriff of location of a still held self-serving and properly excluded.

In a prosecution for manufacturing intoxicating liquors, exclusion of testimony offered by defendant that he had a man notify the sheriff of the location of the still was proper, as a self-serving declaration.

2. Intoxicating liquors ⬤➾235—Evidence to prove alibi held immaterial.

In a prosecution for manufacturing prohibited liquor, where there was evidence that defendant's hat was found at a still when it was raided, evidence that defendant had been in the woods with another watching the still the evening before a raid, and was there at the time of the raid, was immaterial, and had no tendency to prove an alibi.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Harve Hanners was convicted of manufacturing prohibited liquors, and he appeals. Affirmed.

Certiorari denied 207 Ala. 711, 91 South. 922.

Lackey, Pruitt & Glass, of Ashland, for appellant.

The following authorities clearly demonstrate that the court was in error in its rulings on the testimony. 146 Ala. 55, 41 South.

621; 106 Ala. 13, 17 South. 333; 4 Ala. App. 11, 58 South. 675; 205 Ala. 256, 87 South. 330; Elliott on Evidence, §§ 144–147; 4 Ala. App. 42, 58 South. 996; 183 Ala. 74, 63 South. 8; 6 Ala. App. 600, 60 South. 499; 97 Ala. 215, 12 South. 176; 103 Ala. 1, 15 South. 891; 79 Ala. 215; 94 Ala. 14, 10 South. 665; 94 Ala. 76, 10 South. 426.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The court did not err in refusing to allow the defendant to show by the witness Lowery that the defendant secured the witness to go and telephone the sheriff and notify him of the location of the still. This would have been a self-serving declaration on the part of defendant, and as such was not admissible. The cases cited by appellant are not in point. The same is true as to other testimony offered, to the same effect as above. The issue here was: Did the defendant manufacture liquor? And evidence as to what he said and did after the offense was committed was irrelevant, unless they should be as to acts or declarations against interest. In the cases cited by appellant the evidence was permitted to go to the jury in explanation of defendant's acts, which, unexplained, would have been circumstances to be weighed against him, and therefore in those cases the testimony was relevant.

[2] The fact that Henry Lowery was in the woods with defendant the evening before the raid was immaterial and irrelevant, and had no tendency to prove an alibi. The fact that defendant's white felt hat was found by the officers at or near the still would tend to show that defendant had been at the still at some time prior to the time the officers came, but at what time is not shown, and the statement that Henry Lowery had been with defendant in the evening over there in the woods watching the still, and was there at the time the raid was made, was entirely too indefinite as to time, as tending to prove an alibi for defendant in this case.

We find no error in the record, and the judgment is affirmed.

Affirmed.